United States Court of Appeals
for the Eighth Circuit

State of Nebraska, et al.,

*Plaintiffs-Appellants*,

v.

Joseph R. Biden, Jr., in his official capacity as the President of the United States of America, et al.,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the Eastern District of Missouri
The Honorable District Court Judge Henry E. Autrey
Case No. 4:22-cv-1040-HEA

**EMERGENCY MOTION FOR ADMINISTRATIVE STAY OF AGENCY ACTION PENDING RULING ON MOTION FOR INJUNCTION PENDING APPEAL AND REQUEST FOR EXPEDITED BRIEFING ON THAT MOTION**

Eric S. Schmitt
  *Attorney General of Missouri*
D. John Sauer
  *Solicitor General of Missouri*
Michael E. Talent
  *Deputy Solicitor General of Missouri*
Missouri Attorney General's
  Office
Post Office Box 899
Jefferson City, MO 65102
(314) 340-4869
michael.talent@ago.mo.gov

Douglas J. Peterson
  *Attorney General of Nebraska*
James A. Campbell
  *Solicitor General of Nebraska*
Christian Edmonds
  *Assistant Solicitor General of Nebraska*
Office of the Nebraska
  Attorney General
2115 State Capitol
Lincoln, NE 68509
(402) 471-2682
jim.campbell@nebraska.gov

Yesterday, on October 20, 2022, the district court declined to enjoin the Biden Administration's Mass Debt Cancellation, R. Doc. 44, which will erase over $400 billion of the $1.6 trillion in outstanding federal student loan debt. *See* CBO Sept. 26, 2022 Letter at 3, https://tinyurl.com/2p95x8kk. The district court acknowledged that Plaintiffs-Appellants States of Nebraska, Missouri, Arkansas, Iowa, Kansas, and South Carolina (collectively the "States") raised "important and significant challenges to the debt relief plan." R. Doc. No. 44, at 18. But the court declined to grant injunctive relief because it said that the States all lacked standing. *Id.* It reached that conclusion even though the Cancellation program will (1) reduce by millions of dollars the revenue of a Missouri state entity charged with the "essential public function[]" of ensuring "post-secondary education students have access to student loans," *Id.* at 10–11 (quoting Mo. Rev. Stat. § 173.360), (2) threaten the investments of Arkansas and Nebraska state entities, and (3) impose enormous tax revenue losses on Nebraska, Iowa, Kansas, and South Carolina.

Because the district court erred in dismissing the States' case and declining to enjoin the unlawful Cancellation program, the States have

1

filed a motion for an injunction pending appeal concurrently with this motion. But Defendants-Appellees Joseph R. Biden, in his official capacity as the President of the United States; Miguel Cardona, in his official capacity as Secretary of the United States Department of Education (the Secretary); and the United States Department of Education (the Department) (collectively the "Administration") say that they will start cancelling student loan debt under the program as early as *October 23*, which is just two days away. *See* R. Doc. 27-1, at 4, ¶5. To ensure that does not happen before this Court can consider the States' motion for an injunction pending appeal, the States respectfully request that, by 9:00 AM Central Saturday October 22, the Court temporarily stay the Administration from discharging any student loan debt under the Cancellation program until this Court rules on that motion. *See* Fed. R. App. P. 27(a)(1). The States also ask the Court to set an expedited briefing schedule on the motion for an injunction pending appeal. The States have asked the Administration for its position on these requests, but as of the time of this filing, they have not received a response.

Last night, the States asked the district court to enter an injunction pending appeal or a temporary administrative stay barring the

2

Administration from discharging any student loan debt under the Cancellation until this Court rules on the concurrently filed motion for an injunction pending appeal. *See* R. Doc. 48, at 5. The district court denied that request just before the States filed this motion. R. Doc. 50.[1]

## ARGUMENT

1. For the reasons set out in the concurrently filed motion for an injunction pending appeal, the States are entitled to an injunction prohibiting the Administration from discharging student loan debt under the Cancellation program during the pendency of this appeal. As that motion explains, the States will suffer irreparable harm from the discharge of that debt, and the district court was wrong to conclude that the States lack standing to pursue their claims.

According to the Administration, the debt discharge might begin in just two days. *See* R. Doc. 27-1, at 4, ¶5 (telling the district court that the Department "will not discharge any student loan debt … prior to *October 23, 2022*") (emphasis added). Given the incredibly short timeframe

---

[1] In the motion for an injunction pending appeal that the States filed with this Court, they indicated that the district court had yet to rule on the motion for temporary relief pending appeal that the States filed with that court. The district court has now denied that motion.

3

between the district court's decision and the apparent commencement of debt discharge under the Cancellation—and the fact that October 23 is a Sunday—the States' request for a temporary administrative stay of agency action is an appropriate way to maintain the status quo while giving "the court sufficient opportunity to consider the merits of the" States' motion for an injunction pending appeal. *Brady v. NFL*, 638 F.3d 1004, 1005 (8th Cir. 2011); *see also Redmond v. United States*, 507 F.2d 1007, 1011 (5th Cir. 1975) (granting "a stay of [administrative] enforcement of the period of disqualification pending the final outcome of this cause on appeal"); Order, *Cobell v. Norton* 391 F.3d 251 (D.C. Cir. 2004), 2004 WL 603456, at *1 (granting an administrative stay "to give the court sufficient opportunity to consider the merits of the motion").

The equities also support this request. The States propose a briefing schedule on their motion for an injunction pending appeal that concludes by the middle of the day on Wednesday October 26—thus drastically minimizing the duration of this temporary stay of agency action and any potential harm that the Administration could conceivably claim. Because the Department's Cancellation program appears slated to run to at least December 31, 2023, *see* R. Doc. 31-1, at 5, postponing

4

discharges by a few days will not materially hinder the program. Indeed, granting this request will not prevent the Department from continuing to accept discharge applications while awaiting a ruling on the motion for an injunction pending appeal. Finally, the Department has paused loan payments through December 31, 2022, for those eligible to receive cancellation, *see* 87 Fed. Reg. 61512, 61514 (Oct. 12, 2022), so borrowers will not be harmed by granting this request.

On the other hand, the imminent discharge of student loan debt inflicts irreparable harm to the States, as set out in the concurrently filed motion for an injunction pending appeal. Each day that the Department cancels debt directly reduces revenue to State entities like MOHELA, financial support for State higher education, and future tax revenue to the States under operation of current law. In addition, each day of debt discharge impairs the States' sovereign and quasi-sovereign interests.

Such harms are likely to be significant, and to occur rapidly. As of Monday October 17, more than eight million borrowers had applied for debt cancellation, according to the Administration. *See* Alex Gangitano and Brett Samuels, *White House Says 8 Million Americans Have Applied for Student Loan Debt Forgiveness*, The Hill (Oct. 17, 2022),

5

https://tinyurl.com/bdhcajdt. That number has surely grown since then. Also, on Monday, the Administration promised to "mov[e] as quickly as possible to provide relief to as many as possible." *Id.* Because eight million borrowers account for roughly 20 percent of the total borrowers who are eligible for the Cancellation, *see* R. Doc. 31-1, at 24, the Administration could erase roughly $80 billion to $100 billion in student loans as soon as this Sunday. To ensure that does not happen before this Court can review what the district court acknowledged are "important and significant challenges to the debt relief plan," R. Doc. No. 44, at 18, this Court should enter the requested administrative stay by 9:00 AM Central Saturday October 22.

**2.** In order to facilitate the expeditious review of the States' motion for an injunction pending appeal, the States respectfully request that the Court order the following expedited briefing schedule on that motion, *see* Fed. R. App. P. 27(a)(3)–(4) (providing timelines and stating that the Court may shorten the time for a response):

- Defendants-Appellees' opposition due on or before 5:00 PM Central, Monday, October 24, 2022.

6

- Plaintiffs-Appellants' reply, if any, due on or before 12:00 PM Central, Wednesday, October 26, 2022.

## CONCLUSION

The States respectfully request that this Court maintain the status quo by entering—before 9:00 AM Central on Saturday October 22—an administrative stay prohibiting the Administration from discharging any student loan debt under the challenged Cancellation program until this Court rules on the States' motion for an injunction pending appeal.

The States further request that the Court set the following briefing schedule on their motion for an injunction pending appeal:

- Defendants-Appellees' opposition due on or before 5:00 PM Central, Monday, October 24, 2022.
- Plaintiffs-Appellants' reply, if any, due on or before 12:00 PM Central, Wednesday, October 26, 2022.

7

Dated: October 21, 2022

Respectfully submitted,

*/s/ James A. Campbell*
James A. Campbell

ERIC S. SCHMITT
   *Attorney General of Missouri*
D. JOHN SAUER
   *Solicitor General of Missouri*
MICHAEL E. TALENT
   *Deputy Solicitor General of Missouri*
MISSOURI ATTORNEY GENERAL'S
   OFFICE
Post Office Box 899
Jefferson City, MO 65102
(314) 340-4869
michael.talent@ago.mo.gov

LESLIE RUTLEDGE
   *Attorney General of Arkansas*
NICHOLAS J. BRONNI
   *Solicitor General of Arkansas*
DYLAN L. JACOBS
   *Deputy Solicitor General of Arkansas*
OFFICE OF THE ARKANSAS ATTORNEY
   GENERAL
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-2007
dylan.jacobs@arkansasag.gov

DOUGLAS J. PETERSON
   *Attorney General of Nebraska*
JAMES A. CAMPBELL
   *Solicitor General of Nebraska*
CHRISTIAN EDMONDS
   *Assistant Solicitor General of Nebraska*
OFFICE OF THE NEBRASKA
   ATTORNEY GENERAL
2115 State Capitol
Lincoln, NE 68509
(402) 471-2682
jim.campbell@nebraska.gov

JEFFREY S. THOMPSON
   *Solicitor General of Iowa*
SAMUEL P. LANGHOLZ
   *Assistant Solicitor General of Iowa*
OFFICE OF THE IOWA ATTORNEY
   GENERAL
1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 281-5164
jeffrey.thompson@ag.iowa.gov
sam.langholz@ag.iowa.gov

8

DEREK SCHMIDT
  *Attorney General of Kansas*
SHANNON GRAMMEL
  *Deputy Solicitor General of Kansas*
OFFICE OF THE KANSAS ATTORNEY GENERAL
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
(785) 296-2215
shannon.grammel@ag.ks.gov

ALAN WILSON
  *Attorney General of South Carolina*
J. EMORY SMITH, JR.
  *Deputy Solicitor General of South Carolina*
OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA
P.O. Box 11549
Columbia, SC 29211
803-734-3680
ESmith@scag.gov

9

Appellate Case: 22-3179  Page: 10  Date Filed: 10/21/2022  Entry ID: 5210237

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts exempted by Fed. R. App. P. 32(f), it contains 1,342 words as determined by the word-counting feature of Microsoft Word 2016.

This motion also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared using Microsoft Word 2016 in 14-point proportionally spaced Century Schoolbook font.

And this motion complies with the electronic-filing requirements of Local Rule 28A(h)(2) because it was scanned for viruses using Windows Defender and no virus was detected.

*/s/ James A. Campbell*
James A. Campbell

# CERTIFICATE OF SERVICE

I certify that on October 21, 2022, I electronically filed the foregoing motion with the Clerk of the Court by using the CM/ECF system, and that the CM/ECF system will accomplish service on all parties represented by counsel who are registered CM/ECF users. I also certify that a copy of the foregoing motion was served by electronic mail on counsel for Defendants-Appellees who have consented in writing to electronic mail service at the following addresses:

Thomas Pulham
Thomas.Pulham@usdoj.gov

Courtney L. Dixon
Courtney.L.Dixon@usdoj.gov

Simon C. Brewer
Simon.C.Brewer@usdoj.gov

Michael S. Raab
Michael.Raab@usdoj.gov

Sarah W. Carroll
Sarah.W.Carroll@usdoj.gov

*/s/ James A. Campbell*
James A. Campbell